**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHN EDWARD HUSKEY,

       Petitioner - Appellant,

v.

TWYLA SNYDER, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents - Appellees.

No. 02-7028
D.C. No. 00-CV-268-S
(E.D. Oklahoma)

---

JIM ANN HUSKEY,

       Petitioner - Appellant,

v.

HOWARD RAY, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents - Appellees.

02-7029
D.C. No. 00-CV-262-P
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioners were each convicted by a jury of one count of child abuse and each was sentenced to life imprisonment and fined $5,000. The convictions were upheld on direct appeal. Petitioners did not pursue state post-conviction remedies but did file substantially identical petitions for relief under 28 U.S.C. § 2254 in the federal district court. The district court denied relief, dismissed both actions, and denied each petitioner a certificate of appealability (COA).

Petitioners renew their request for COA in this court to enable them to appeal from the district court's orders denying § 2254 relief. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Because petitioners have failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny the applications for COA and dismiss the appeal.

In their petitions to the district court, petitioners state the issue as:

> Petitioner[s were] convicted of the crime of child abuse. The specific means of child abuse was based on another crime, lewd or indecent acts. However, all of the elements of lewd or indecent acts were not included in the information filed by the State, and all of the elements were not included in the charge on this issue which was given to the jury. Because the Petitioner[s were] convicted when the charge given to the jury failed to require that all the elements of the predicate crime be proven, Petitioner[s'] Due Process rights were violated.

R. Vol. 1 at 15. The focus of petitioners' argument to the district court was that conviction for lewd or indecent acts requires proof that an element of force was used by defendants and that no such proof was offered by the State.

In its order denying relief, the district court quoted liberally from the Oklahoma Court of Criminal Appeals' order affirming the convictions. That court determined that conviction under the charged statute does not require an element of force. The federal district court concluded that the jury instructions "given by the trial court did not result in a conviction violating petitioner[s'] due process rights [and] . . . petitioner[s were] provided with notice of the charge against which [they] had to defend." R. Vol. II at 355-56.

On appeal, petitioners pose an entirely different issue from the one presented to the district court. While still couched as a violation of the right to be informed of the nature of the crime charged, the focus of petitioners' argument in this court is no longer on whether an element of force should have been proven

-3-

before their convictions could be had. Instead, petitioners focus on the mental injury aspect of the information which charged them with child abuse by causing mental injury to the child or failing to protect the child from mental injury by reason of exposure to adult sexual acts. Petitioners argue the jury was not instructed that it must find petitioners caused mental injury to the child and, thus, the case submitted to the jury was fundamentally different than the one charged in the information.

The alleged lack of evidence of mental injury to the child was not argued to the district court. This court will not consider a new theory on appeal, even one "that falls under the same general category as an argument presented at trial or . . . a theory that was discussed in a vague and ambiguous way" at trial. *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.,* 100 F.3d 792, 798-99 (10th Cir.) (quotation omitted), *op. am. on other grounds*, 103 F.3d 80 (10th Cir. 1996). "[T]o preserve the integrity of the appellate structure, we should not be considered a 'second shot' forum . . . where secondary, back-up theories may be mounted for the first time." *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (quoting *Anschutz Land & Livestock Co. v. Union Pac. R.R. Co.*, 820 F.2d 338, 344 n.5 (10th Cir. 1987)).

Because petitioners have waived the sole argument they make on appeal, they have failed to make a "substantial showing of the denial of a constitutional

right." *See* 28 U.S.C. § 2253(c). We DENY petitioners' request for COA and DISMISS this appeal. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge